———o———

No. 6369.

**NARCISSE REIXBACH vs. BUREAU OF ENDOW-
MENT OF THE GRAND UNITED ORDER OF
ODD FELLOWS, DISTRICT GRAND LODGE
NO. 21.**

### Syllabus.

Where the charter or regulations of a fraternal or mutual benefit society prescribes that no policy or certificate shall issue in favor of one who is without an insurable interest in the life of the insured, the designation as beneficiary of a person thus disqualified or ineligible is nugatory.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 107,069. Honorable Porter Parker, Judge.

Charbonnet & Gauche, for plaintiff and appellant.

Grant & Grant, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The suit is upon a benefit certificate issued by the defendant, a fraternal or mutual benefit association, upon

the life of one of its members, now deceased, and it is instituted on behalf of the person designated as beneficiary in said certificate.

The defense that the beneficiary thus designated is without insurable interest and therefore cannot recover the benefits herein, is the only one that need be noted.

The law is that where the charter or regulations of a fraternal or mutual benefit society prescribes that no certificates shall issue in favor of one who is without an insurable interest in the life of the insured, the designation as beneficiary of a person thus disqualified or ineligible is nugatory.

> 29 Cyc., pp. 105, 115, 117.
> Decennial Digest, Vol. II, Insurance, 767.
> Union Fraternal League vs. Walton, 37 Sou. East. Rep., (Ga.) 389.

The regulations or by-laws of the defendant (page 34, section 2) provide:

> "No policy shall be issued in favor of any person who has not an insurable interest in the life of the insured."

It is not pretended that the beneficiary, a mere infant represented herein by its father, is a creditor or surety or is related by blood, marriage or other ties to the member who procured the insurance, or could in any way be benefited by the continuance of his life. There consequently exists no insurable interest and the trial Court properly dismissed the suit. The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 3rd, 1915.